**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 17-cv-01329-CMA-NYW

JESSE FISHER, and
LONNIE FAILS,

      Plaintiffs,

v.

PATHWAY LEASING LLC, a Colorado limited liability company,
MATTHEW HARRIS,
INTERSTATE DISTRIBUTOR CO., a Washington corporation registered to conduct
business in Colorado,
BOOKER TRANSPORTATION SERVICES, INC., a Texas corporation, and
CARGILL MEAT LOGISTICS SOLUTIONS, INC., a Kansas corporation registered to
conduct business in Colorado,

      Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTIONS TO SEVER**

---

This matter is before the Court on three motions:

1. Defendant Interstate Distributor Co.'s ("Interstate") Motion to Sever Defendant

   Interstate (Doc. # 39);

2. Defendant Cargill Meat Logistics Solutions, Inc.'s ("CMLS") Motion to Sever

   Defendant CMLS (Doc. # 54); and

3. Defendant Booker Transportation Services, Inc.'s ("Booker") Motion to Sever

   Defendant Booker (Doc. # 63).

These motions to sever filed by Defendant Interstate, Defendant CMLS, and Defendant

Booker (collectively, the "Carrier Defendants") are substantively identical to one

another.  Plaintiffs Jessie Fisher and Lonnie Fails oppose each motion to sever.  *See*

(Doc. ## 49, 60, 68).  For the following reasons, the Court grants all three motions to

sever.

## I.   BACKGROUND

Each of the Carrier Defendants—Interstate, CMLS, and Booker—is a

transportation company that moves clients' goods throughout the country.  *E.g.*, (Doc.

# 39 at 2).  The Carrier Defendants are separate entities and are competitors of one

another.  (*Id.*)

Defendants Pathway Leasing LLC and Matthew Harris (together, the "Pathway

Defendants") lease trucks to commercial truck drivers.  (Doc. # 50 at 1.)  Each of the

Carrier Defendants allegedly contracted the Pathway Defendants to provide "owner-

operator" truck drivers.[1]  (Doc. # 1 at 2.)

Plaintiffs were among the truck drivers who leased trucks from the Pathway

Defendants and drove for one or more of the Carrier Defendants.  (*Id.*)  To date, five

Plaintiffs have opted into this litigation: Jesse Fisher, Lonnie Fails, Brenton Lee, Lora

Lee, and Anthony Dennis.  *See* (Doc. ## 11, 19–22.)  Plaintiffs drove trucks to deliver

goods for the following Carrier Defendants at various points in time:

- Plaintiffs Fisher, B. Lee, and L. Lee transported goods for Interstate.  (Doc. # 39 at 2.)  The other plaintiffs did not.
- Plaintiff Fails transported goods for CMLS.  (Doc. # 54 at 2.)  The other plaintiffs did not.
- Plaintiffs Fisher, B. Lee, L. Lee, and Dennis transported goods for Booker.  (Doc. # 63 at 4.)  The other plaintiff did not.

---

[1] The Carrier Defendants refer to "owner-operator truck drivers," independent contractors, and "employee drivers" as being distinct groups of drivers.  *See* (Doc. # 40 at 7.)

Pursuant to the Federal Motor Carrier Safety Administration's regulations, an owner-operator may not transport goods in his/her leased vehicle for multiple carriers at the same time.  49 C.F.R. § 376.12(c)(1).

On June 1, 2017, Plaintiffs initiated this action against Defendants as a collective action[2] pursuant to the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. §§ 201–19.  (Doc. # 1.)  Against all Defendants, Plaintiffs assert claims for failure to pay minimum wage in violation of the FLSA[3] and for unlawful retaliation.  (*Id.* at 15–19.) Only against the Pathway Defendants, Plaintiffs assert claims for "rescission or voiding of lease agreements, warranties and promissory notes, and restitution," for unjust enrichment and restitution, and for quantum meruit.  (*Id.*)  Plaintiffs seek monetary damages, "rescission or voiding of their lease agreements, warranty agreements, and promissory notes," and an injunction "prohibiting [Defendants] from engaging in unlawful retaliation."  (*Id.* at 19–20.)  Defendants filed separate answers on July 17–19, 2017. (Doc. ## 36, 40, 41, 44).  The Pathway Defendants also brought a counterclaim for "setoffs" against all Plaintiffs and a counterclaim for breach of contract against Plaintiffs Fisher and Fails.  (Doc. # 44 at 31–33.)

Each of the three Carrier Defendants filed its own Motion to Sever itself. Interstate filed its Motion to Sever Interstate on July 17, 2017.  (Doc. # 39.)  Plaintiffs

---

[2] Section 216(b) of the FLSA allows employees to bring suit against an employer on behalf of "themselves and other employees **similarly situated**.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b) (emphasis added).
[3] *See* 29 U.S.C. § 206.

3

responded to Interstate's motion on August 7, 2017 (Doc. # 49), and Interstate replied

on August 21, 2017 (Doc. # 53.)

CMLS filed its Motion to Sever CMLS on August 25, 2017.  (Doc. # 54.)  CMLS's

motion is nearly identical to Interstate's motion.  Plaintiffs briefly responded to CMLS's

motion on September 5, 2017, by "incorporat[ing] their Response Interstate's Motion to

Sever." (Doc. # 60).  CMLS replied on September 19, 2017.  (Doc. # 62.)

Booker filed its Motion to Sever Booker on September 21, 2017.  (Doc. # 63.)

Booker, like CMLS, filed a motion virtually indistinct from Interstate's motion.  Plaintiffs

briefly responded to Booker's motion on October 12, 2017, again incorporating their

previous response to Interstate's motion.  (Doc. # 68.)

## II.    LAW GOVERNING JOINDER AND SEVERANCE

Federal Rule of Civil Procedure 20(a)(2) permits permissive joinder of multiple

defendants in one action if two requirements are satisfied:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or **arising out of the same transaction, occurrence,** or series of transactions or occurrences; and

> (B) any **question of law or fact common to all defendants** will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added.)  Both of these requirements must be

satisfied.  *Smith v. North Am. Rockwell Corp. Tulsa Div.*, 50 F.R.D. 515, 522 (N.D. Okla.

1970).  The rule is construed liberally in order "to promote trial convenience and to

expedite the final determination of disputes, thereby preventing multiple lawsuits."

*Cooper v. Fitzgerald*, 266 F.R.D. 86, 88 (E.D. Pa. 2010).  As the Supreme Court

instructed, the impulse under the Federal Rules of Civil Procedure is for courts to

4

entertain "the broadest possible scope of action consistent with fairness to the parties; thus, joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

Evaluating the first requirement for permissive joinder—that the claims arise out of the same transaction or occurrence, Fed. R. Civ. P. 20(a)(2)(A)—requires a case-by-case approach. *Jacobs v. Watson Pharm., Inc.*, No. 10-CV-120, 2011 WL 2216257, at *2 (N.D. Okla. June 7, 2011) (citing 7 Charles Alan Wright, et al., Federal Practice & Procedure § 1653 (3d ed. 2010)). The phrase "same transaction or occurrence" is "'flexible, contemplating 'a series of many occurrences, depending not so much upon the immediateness of their connection as upon their **logical relationship**.'"[4] *SEC v. Woodruff*, 778 F. Supp. 2d 1073, 1098 (D. Colo. 2011) (emphasis added) (quoting *DIRECTV, Inc. v. Barrett*, 220 F.R.D. 630, 631 (D. Kan. 2004)); *see also Moore v. New York Cotton Exch.*, 270 U.S. 593, 610 (1926). "Absolute identity of events is not necessary." *Kohn v. American Housing Found. I, Inc.*, 170 F.R.D. 474, 476 (D. Colo. 1996) (quoting *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). Claims more likely arise out of the same transaction or occurrence "when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." 7

---

[4] "This approach is reminiscent of the logical-relationship test, which has been judicially developed as a gloss on the words 'transaction or occurrence' used in the compulsory-counterclaim provision in Rule 13(a). For purposes of that rule, all logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." 7 Charles Alan Wright, et al., Federal Practice & Procedure § 1653 (3d ed. 2010).

Charles Alan Wright, et al., Federal Practice & Procedure § 1653 (3d ed. 2010) (collecting cases).

The second requirement for permissive joinder of defendants is that the claims implicate "any question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(B). "Some, not all, questions of law or fact must be common." *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 617 (D. Kan. 2006) (citing *Mosley*, 497 F.2d at 1334). The common question(s) need not even predominate. *Lee v. Cook Cty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011).

Misjoinder occurs when "there is no common question of law or fact or when . . . the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction." *Nasious v. City and Cty. of Denver-Denver Sheriff's Dep't*, 415 F. App'x 877, 880 (10th Cir. 2011) (quoting *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3rd Cir. 2006)). The remedy for misjoinder is not dismissal of the action. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action"). To remedy misjoinder, a court has two options: (1) misjoined parties may be "drop[ped]" "on just terms", or (2) any claims against misjoined parties may be severed. *Id.*; *see also Nasious*, 415 F. App'x at 881. Relevant here, when a court severs a claim against a defendant under Fed. R. Civ. P. 21, "the suit simply continues against the severed defendant in another guise. The state of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period." *Leto*, 467 F.3d at 845 (internal citations omitted).

Even if plaintiffs satisfy Rule 20(a)'s dual requirements for permissive joinder, a court has broad discretion to sever a claim against a defendant.  *See Smith v. Lightning Bolt Prod., Inc.*, 861 F.2d 363, 370 (2d Cir. 1988); *United States v. 499.472 Acres of Land More or Less in Brazoria Cty., Tex.*, 701 F.2d 545, 549–50 (5th Cir. 1983). Pursuant to Rule 20(b), "[t]he court may issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party."  Fed. R. Civ. P. 20(b); *see also* Fed. R. Civ. P. 21 ("The court may . . . sever any claim against a party"); Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate . . .  claims").

## III.   ANALYSIS

### A.   PLAINTIFFS' CLAIMS DO NOT SATISFY RULE 20(B)'S REQUIREMENTS FOR PERMISSIVE JOINDER.

Each Carrier Defendant argues that each Plaintiff's claims against it is "neither dependent upon nor co-extensive with any other Plaintiff's claim[s], and none of their claims involve the same transactions or occurrences."  *E.g.*, (Doc. # 39 at 3.)  The Carrier Defendants assert that "based upon Plaintiffs' failure to satisfy the joinder requirements in the Federal Rules," the Court must sever each of the Carrier Defendants.  *E.g.*, (*id.*)  For the reasons described below, the Court agrees that Plaintiffs fail to satisfy Rule 20(b)'s requirements for permissive joinder.

1.   <u>Same Transaction or Occurrence</u>

Plaintiffs assert that each Carrier Defendant "entered into a contractual relationship" and "worked in tandem" with the Pathway Defendants, that each Carrier Defendant "willfully failed to pay minimum wage," and that each Carrier Defendant worked with the Pathway Defendants "to secure transportation services through misclassified independent contractors . . . in essentially the same manner."  (Doc. # 49 at 4, 2); *see also* (Doc. # 1 at 9–15.)

"It is settled that joinder is improper where 'the plaintiff[s] d[o] no more than assert that the defendants merely committed the same type of violation in the same way.'" *Peterson v. Regina*, 935 F. Supp. 2d 628, 638 (S.D.N.Y. 2013); *accord George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits").  As that principle relates to the instant matter, *Houston v. URS Corp.*, 591 F. Supp. 2d 287 (E.D. Va. 2008), is instructive.  In *Houston*, Plaintiffs, federal disaster housing inspectors, filed a 'wage and hour' employment suit under the FLSA.  *Id.* at 830.  Defendants were two unrelated corporations contracted by the Federal Emergency Management Agency to perform housing inspections in disaster areas.  *Id.*  Defendants hired Plaintiffs to perform the contractually-required inspections and classified them as independent contractors.  *Id.*  Importantly, one Plaintiff (Lamascolo) was hired by one Defendant (Alltech), and the other Plaintiff (Houston) was hired by the other Defendant (PaRR).  *Id.*  Defendants moved to sever Plaintiffs' claims. *Id.* at 836–37.  The Court noted that "Plaintiff Houston ha[d] no claim against the Alltech Defendants and Plaintiff Lomascolo ha[d] no claim against the PaRR Defendants" and

that Defendants were "distinct, unrelated entities." *Id.*  The Court concluded Plaintiffs

had not satisfied Rule 20's requirements for permissive joinder because the "two

Plaintiffs ha[d] unrelated claims against different defendants and those claims should be

adjudicated in separate suits." *Id.* at 837.

The Court agrees with the Carrier Defendants that *Houston* supports granting

their Motions to Sever.  Like the *Houston* plaintiffs, in the instant case there is at least

one Plaintiff who does not have FLSA wage and hour claims against each Carrier

Defendant.  For example, only Plaintiffs Fisher, B. Lee, and L. Lee transported goods

for Interstate.  As such, Plaintiffs Fails and Dennis do not have wage and hour claims

against Interstate.[5]  *See* (Doc. # 39 at 2.)  Because each Plaintiff was hired by only one

Carrier Defendant at a time, there is no common transaction or occurrence that requires

the joinder of the Carrier Defendants.

Plaintiffs' general allegations made "upon information and belief"[6] are insufficient

to demonstrate that their hour and wage claims arise out of related transactions or

occurrences. See *MDM Grp. Assoc., Inc. v. Midgett Realty, Inc.*, No. 07-cv-02543-

WDM-CBS, 2008 WL 27569926, at *3 (D. Colo. July 14, 2008).  It appears to the Court

that, each Plaintiff entered into some sort of employment relationship with a Carrier

Defendant in a unique transaction or occurrence.  Each of these distinct employment

---

[5] Similarly, because only Plaintiff Fails transported goods for CMLS, Plaintiffs Fisher, B. Lee, L. Lee, and Dennis do not have wage and hour claims against CMLS.  *See* (Doc. # 54 at 2.) Because only Plaintiffs Fisher, B. Lee, L. Lee, and Dennis transported goods for Booker, Plaintiff Fails does not have wage and hour claims against Booker. *See* (Doc. # 63 at 4.)

[6] Plaintiff general alleges that "[u]pon information and belief, the Pathway Defendants have a contractual relationship or other agreement, whether written or verbal, with [each] Carrier Defendant. . . .  The presumed purpose of any such agreement is to allow both the Pathway Defendants and the Carrier Defendants to avoid the expense of retaining employees."  (Doc. # 1 at 8.)

relationships gave rise to each Plaintiff's wage and hour claims against one Carrier Defendant.  Plaintiffs do not allege any 'logical relationship' between the three Carrier Defendants.  They allege only that each Carrier Defendant contracted with the Pathway Defendants, *see* (Doc. # 1 at 2), and that each Carrier Defendant underpaid them in a similar manner, *see* (*id.* at 15, 18–19),  For purposes of the Court's analysis, it is significant that Plaintiffs do not allege wage and hour "losses that arise out of single transaction or occurrence."   *See MDM Grp. Assoc., Inc. v. Midgett Realty, Inc.*, No. 07-cv-02543-WDM-CBS, 2008 WL 27569926, at *3 (D. Colo. July 14, 2008).  "[I]f the transaction test could be satisfied by merely alleging that the plaintiffs suffered the same harm . . . there would be virtually no limit to the number of parties that could be joined, which would effectively nullify the transactional requirement." *Id.* (quoting *Fonovisa, Inc. v. Dose 1-9*, No. 07-1515, 2008 WL 919701, at *5 (W.D. Pa. April 3, 2008)).  Plaintiffs' reliance on *Moore v. Comfed Sav. Bank*, 908 F.2d 834 (11th Cir. 1990), is misplaced.  In *Moore*, the plaintiffs' allegedly usurious loans were originated by a common lender, Land Bank, who subsequently sold the loans to the defendants (savings and loan companies) on the secondary market.  *Id.* at 836.  The Eleventh Circuit held that permissive joinder of the defendant institutions was appropriate pursuant to Rule 20 because "it [was] plain from the record that all of these transactions arose out of a series of transactions or occurrences initiated by Land Bank." *Id.* at 839.  In the instant matter, Plaintiffs contend that the defendant "secondary creditors" in *Moore* are analogous to the Carrier Defendants and that "the loans originated by Land Bank in *Moore*" are analogous to their "equipment lease agreements and promissory

notes . . . originated by Pathway Defendants." (Doc. # 49 at 3–4.) Thus, Plaintiffs state that "like the court in *Moore*, this Court should hold 'joinder in this case [is] proper.'" (*Id.* (quoting *Moore*, 908 F.2d at 839)).

*Moore* is not analogous to this case. In *Moore*, the defendant secondary institutions "held . . . identical loans from the same originating lender," Land Bank, *Dash v. FirstPlus Home Loan Owner Trust 1996-2*, 248 F. Supp. 2d 489, 503 (M.D.N.C. 2003) (citing *Moore*, 908 F.2d at 837); thus, there was a common transaction or occurrence. In this case, however, each Carrier Defendant allegedly has a unique, unrelated contract with the Pathway Defendants. *Moore* does not persuade the Court that Plaintiffs' wage and hour claims against the Carrier Defendants arose from the same transaction or occurrence.[7]

The Court concludes that Plaintiffs' wage and hour claims against each Carrier Defendant did not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." *See* Fed. R. Civ. P. 20(a)(2)(A). Plaintiffs fail to satisfy the first requirement for proper joinder.

2.    Common Question(s) of Law or Fact

In light of the Court's conclusion that Plaintiffs cannot satisfy the first requirement for proper joinder, the Court need not consider the second requirement. "Both

---

[7] The Court also agrees with the Carrier Defendants that the Eleventh Circuit's discussion of permissive joinder in *Moore* was cursory. *See, e.g.,* (Doc. # 53 at 4.) As other courts observed, the Eleventh Circuit "provide[d] no rationale for its decision;" the Eleventh Circuit offered "little explanation or reasoning." *Newport v. Dell, Inc.*, No. cv-08-00096-TUC-CKJ(JCG), 2008 WL 4347017, at *4 (D. Ariz. Aug. 21, 2008), *report and recommendation adopted in part*, No. 08–096–TUC–CKJ (JCG), 2008 WL 4628723, at *1–2 (D. Ariz. Oct. 17, 2008).

requirements must be satisfied." *North Am. Rockwell Corp. Tulsa Div.*, 50 F.R.D. at 522. The Carrier Defendants are improperly joined in this action.

**B.    THE PROPER REMEDY IS SEVERANCE**.

Because the Carrier Defendants are not properly joined, the remedy is severance of Plaintiffs' wage and hour claims (Counts I and V (Doc. # 1 at 15–19)) against the Carrier Defendants.[8] Fed. R. Civ. P. 21. *See, e.g.*, *ReFX Audio Software, Inc. v. Does 1-82*, No. 13-cv-0336-WJM-CBS, 2013 WL 500478, at *1–5 (D. Colo. Feb. 11, 2013).

The Court need not reach the Carrier Defendants' alternative arguments that even if Plaintiffs could satisfy both of Rule 20's requirements for permissive joinder, the Court should exercise its discretion to sever the wage and hour claims against the Carrier Defendants. *See, e.g.*, (Doc. # 39 at 13–16.)

## IV.    <u>CONCLUSION</u>

Accordingly, it is ORDERED that Defendant Interstate Motion to Sever Defendant Interstate (Doc. # 39), Defendant CMLS's Motion to Sever Defendant CMLS (Doc. # 54); and Defendant Booker's Motion to Sever Defendant Booker (Doc. # 63) are GRANTED as to Plaintiffs' Claims I and V.

Should Plaintiffs Fisher, B. Lee, and L. Lee wish to proceed with wage and hour claims against Interstate, these Plaintiffs are directed to file a new lawsuit in compliance with the administrative requirements of this Court.

---

[8] The Court's instant order on the Carrier Defendants' Motions to Sever does not affect Plaintiffs' other claims against the Pathway Defendants. *See* (Doc. # 1 at 15–19.)

Should Plaintiff Fails wish to proceed with wage and hour claims against CMLS, Plaintiff Fails is directed to file a new lawsuit in compliance with the administrative requirements of this Court.

Should Plaintiffs Fisher, B. Lee, L. Lee, and Dennis wish to proceed with wage and hour claims against Booker, these Plaintiffs are directed to file a new lawsuit in compliance with the administrative requirements of this Court.

If any Plaintiff(s) file a new lawsuit against a Carrier Defendant, Counsel for Plaintiff(s) is further directed to notify Andrea Garcia-Gallegos in the Office of the Clerk of the filing by calling (303) 335-2069.  The Clerk is directed to assign the case to Judge Christine M. Arguello.  Subsequent to the filing, this Court will enter an order recognizing *nunc pro tunc* June 1, 2017, as the effective filing date of the complaint.

DATED:  December 11, 2017

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge